**E-Filed 05/29/07**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| JAMES M. LEE, Derivatively on Behalf of COHERENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN R. AMBROSEO, et al., <br><br> Defendants, <br><br> AND ALL RELATED ACTIONS | Case Number C 07-0955 JF (HRL) <br><br> ORDER[1] (1) GRANTING MOTION TO CONSOLIDATE ACTIONS (2) DENYING MOTION TO APPOINT LEAD PLAINTIFF AND (3) APPOINTING CO-LEAD COUNSEL <br><br> [re: docket nos. 17, 20] |

## I.  BACKGROUND

The following shareholder derivative actions on behalf of nominal defendant, Coherent, Inc. ("Coherent") presently are pending before this Court:

---

[1] This disposition is not designated for publication and may not be cited.

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Lee v. Ambroseo, et al.* | C-07-00955-JF | 2/15/2007 |
| *Bartholomew v. Ambroseo, et al.* | C-07-01264-JF | 3/2/2007 |
| *Werner v. Couillaud, et al.* | C-07-01265-JF | 3/2/2007 |

All three actions allege that members of Coherent's Board of Directors and other top executives violated federal and state laws through a scheme of backdating stock options and providing false statements to the Securities and Exchange Commission over a period of ten years from 1996 to 2006.

On March 15, 2007, the Court found that these derivative actions are related within the meaning of Civil Local Rule 3-12(a). On the same day, Plaintiff James Lee ("Lee") moved to consolidate the three actions, to appoint himself as lead plaintiff and his attorneys of record, Lerach Coughlin Stoia Geller Rudman & Robbins, LLP ("Lerach"), as lead counsel in the consolidated action. On April 3, 2007, after his case was reassigned to this Court, Lee re-noticed his motion ("Lee Motion"). Also on April 3, 2007, Plaintiff Michael Werner ("Werner") moved ("Werner Motion") to consolidate the three actions and to appoint as lead counsel his attorneys of record, Schiffrin Barroway Topaz & Kessler, LLP ("Schiffrin").

On April 27, 2007, Werner replied ("Werner Reply") to the Lee Motion by recommending that the Court designate Schiffrin and Lerach as co-lead counsel on the consolidated action. In light of this Court's prior decisions in other actions, Werner also recommended that the Court not appoint a lead plaintiff. The Werner Reply also stated that Lerach and Schiffrin have worked together as co-lead counsel on numerous other shareholder derivative actions. On May 4, 2007, Lee filed opposition to Werner's recommendation. Werner subsequently renewed his initial request that the Court name Schiffrin sole lead counsel.

Coherent has submitted a statement of non-opposition to the motions for consolidation, also stating that it has no opinion as to whom the Court should appoint as lead plaintiff and lead counsel. The plaintiff in the third related action, J. Davis Bartholomew, has not expressed an opinion regarding the consolidation or leadership of the litigation.

2

## II.  DISCUSSION

### 1. Consolidation of Shareholder Derivative Actions

Federal Rule of Civil Procedure 42(a) governs the consolidation of actions in federal court, allowing that actions involving a common question of law or fact may be consolidated and that the Court may make orders concerning the consolidated proceedings to avoid unnecessary costs or delay. Fed.R.Civ.P. 42(a). The three shareholder derivative actions clearly involve common questions of law and fact as they are brought against substantially the same defendants, allege the same violations of law and allege similar predicate facts. Moreover, the Court has received no opposition to the motions to consolidate. Accordingly, the motions will be granted.

### 2. Appointing Lead Plaintiff in a Consolidated Shareholder Derivative Action

Federal Rule of Civil Procedure 23.1 provides the requirements that must be met by a plaintiff of a shareholder derivative action. However, neither Rule 23.1 nor Federal Rule of Civil Procedure 42(a) requires that a court appoint a lead plaintiff in a consolidated shareholder derivative action. No Ninth Circuit precedent suggests that appointment of a lead plaintiff is required or even appropriate when that issue is contested in a shareholder derivative action.[2] Accordingly, the Court finds no reason to appoint a lead plaintiff in this action.  The Court concludes that it need not formalize the relationship among the plaintiffs in the absence of a dispute between them or Ninth Circuit authority for such an appointment.

### 3. Appointing Lead Counsel in a Consolidated Shareholder Derivative Action

Federal Rule of Civil Procedure 42(a) grants district courts the authority to consolidate "actions involving a common question of law or fact" and to "make such orders concerning

---

[2] The Ninth Circuit has discussed appointment of lead plaintiffs in the context of securities fraud class actions. *See, e.g., In re Cavanaugh*, 306 F.3d 726 (9th Circuit 2002). Appointment of lead plaintiff in such cases is governed by the Private Securities Litigation Reform Act of 1995, Pub.L. No. 104-67 (1995). There is no similar act addressing shareholder derivative actions. Lee cites the United States Supreme Court's decision in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). However, that decision does not address a contested position of lead plaintiff in a consolidated shareholder derivative action. Rather, *Cohen* discusses the general responsibilities of a plaintiff in a derivative action as a representative of a group of similarly situated shareholders.

3

Case No. C 07-0955 JF
ORDER (1) GRANTING MOTIONS TO CONSOLIDATE ACTIONS (2) DENYING MOTION TO APPOINT LEAD PLAINTIFF AND (3) APPOINTING CO-LEAD COUNSEL
(JFEX1)

1  proceedings therein as may tend to avoid unnecessary costs or delay." The Second Circuit
2  interpreted this rule in *MacAlister v. Guterma*, 263 F.2d 65 (2d Cir. 1958), holding that a district
3  court may consolidate multiple derivative actions and appoint lead counsel for the consolidated
4  plaintiffs. The Ninth Circuit followed *MacAlister* in *Vincent v. Hughes Air West, Inc.*, 557 F.2d
5  759 (9th Cir. 1977), noting that "[t]he benefits achieved by consolidation and the appointment of
6  general counsel, i.e. elimination of duplication and repetition and in effect the creation of a
7  coordinator through whom motions and discovery proceedings will be channeled, will most
8  certainly redound to the benefit of all parties to the litigation." *Vincent*, 557 F.2d at 774 (citing
9  *Guterma*, 263 F.2d at 69).

10  Lerach and Schiffrin have demonstrated an ability to work efficiently together and have
11  demonstrated independent expertise in complex derivative actions. Having considered the record
12  as a whole, and after reviewing other derivative actions in which these two firms have performed
13  and currently are performing as co-counsel, the Court appoints Lerach and Schiffrin as co-lead
14  counsel for this consolidated action.

### IV.  ORDER

16  (1) Plaintiffs' motions to consolidate the following actions is GRANTED: *Lee v.*
17  *Ambroseo, et al.*, Case No. C 07-0955 JF; *Werner v. Ambroseo, et al.*, Case No. C 07-
18  01265 JF; *Bartholomew v. Ambroseo, et al.*, Case No. C 07-01264 JF. All three actions
19  will be litigated under the title *In re Coherent, Inc. Shareholder Derivative Litigation*
20  with the lead case number, C 07-0955 JF.
21  (2) A consolidated complaint shall be filed on or before June 25, 2007. The parties shall
22  appear for an initial Case Management Conference on July 13, 2007, at 10:30 a.m.
23  (3) Lee's motion to appoint lead plaintiff is DENIED.
24  (4) The respective motions to appoint sole lead counsel are DENIED.
25  (5) Lerach Coughlin Stoia Geller Rudman & Robbins, LLP and Schiffrin Barroway
26  Topaz & Kessler, LLP will serve as co-lead counsel for this litigation.

4

1
2    DATED: 5/29/07
3                                    _____
                                     JEREMY FOGEL
4                                    United States District Judge

5

Case No. C 07-0955 JF
ORDER (1) GRANTING MOTIONS TO CONSOLIDATE ACTIONS (2) DENYING MOTION TO APPOINT LEAD PLAINTIFF AND (3) APPOINTING CO-LEAD COUNSEL
(JFEX1)

1  This Order has been served upon the following persons:

2  John K Grant            johnkg@lerachlaw.com, KiyokoH@lerachlaw.com,

3                          cwood@lerachlaw.com, e_file_sd@lerachlaw.com

4  Shawn A. Williams       shawnw@lerachlaw.com, aelishb@lerachlaw.com,

5                          moniquew@lerachlaw.com

6  Travis E. Downs, III    travisd@lerachlaw.com

7  William S. Lerach       e_file_sf@lerachlaw.com

8  Diane M. Walters        dwalters@wsgr.com

9  C. Brandon Wisoff       bwisoff@fbm.com

10 Douglas R. Young        cfisher@fbm.com

11 Norman J. Blears        nblears@hewm.com

12 Charles Ralph Jaeger    cjaeger@Hewm.com

13 Frank James Johnson     frankj@johnsonbottini.com

14 Alan R. Plutzik         aplutzik@bramsonplutzik.com

15 Robert M. Bramson       rbramson@sbtklaw.com

16 James Arthur Maro       jmaro@sbtklaw.com

17 L. Timothy Fisher       tfisher@sbtklaw.com

18 Michael C. Wagner       mwagner@sbtklaw.com

19

   Notice will be delivered by other means to:
20
   Darren J. Robbins
21 Lerach Coughlin Stoia Geller Rudman & Robbins LLP
   655 West Broadway, Suite 1900
22 San Diego, CA 92101

23
   Brett Michael Weaver
24 Johnson Bottini, LLP
25 655 West Broadway, Suite 1400
   San Diego, CA 92101
26

27

28

6

Case No. C 07-0955 JF
ORDER (1) GRANTING MOTIONS TO CONSOLIDATE ACTIONS (2) DENYING MOTION TO APPOINT LEAD PLAINTIFF AND (3) APPOINTING CO-LEAD COUNSEL
(JFEX1)

Robert B. Weiser
The Weiser Law Firm, P.C.
121 N. Wayne Avenue, Suite 100
Wayne, PA 19087

Lee D. Rudy
Schiffrin Barroway Topaz &Kessler, LLP
280 King of Prussia Road
Radnor, PA 19087

7

Case No. C 07-0955 JF
ORDER (1) GRANTING MOTIONS TO CONSOLIDATE ACTIONS (2) DENYING MOTION TO APPOINT LEAD PLAINTIFF AND (3) APPOINTING CO-LEAD COUNSEL
(JFEX1)